UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WES NEWMAN, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | No. 24 CV 3188 |
| v. | Judge Thomas M. Durkin |
| INTEGRITY MARKETING GROUP, LLC, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Wes Newman ("Plaintiff") brings this class action against Defendant Integrity Marketing Group, LLC ("Defendant") alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and its regulations, 47 C.F.R. § 64.1200 *et seq.* Before the Court is Defendant's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). R. 12. For the following reasons, Defendant's motion is denied.

### Legal Standard

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual

1

allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Facial plausibility exists 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 523 (7th Cir. 2023) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *See Hernandez v. Ill. Inst. of Tech.*, 63 F.4th 661, 666 (7th Cir. 2023).

## Background

The following facts are taken from the complaint and assumed to be true. Defendant is a "distributor of life insurance" and other products which it telemarkets through a nationwide network of subsidiaries and other partners. *See* R. 1 ¶¶ 2, 104, 110. In 2005, Plaintiff registered his cell phone number on the National Do-Not-Call Registry. *Id.* ¶ 57. Between November 19, 2021, and July 21, 2023, Plaintiff received approximately forty calls from insurance agents and individuals with Connexion Point, Berwick Insurance Group, Your Insurance Group, and Family First Life, each a subsidiary of Defendant and listed as a "partner" on Defendant's website. *Id.* ¶¶ 7, 60, 74, 84, 104, 110. Almost every call was an attempt to sell Plaintiff some kind of insurance. *Id.* ¶¶ 69, 81, 102, 108, 115, 121, 124, 131, 134, 140, 148, 160, 168, 177, 182, 201, 219, 223. Some calls used artificial or prerecorded voices. *Id.* ¶¶ 10, 153,

2

168, 177, 214–16, 218–19, 223. Despite his requests not to be called, Plaintiff continued to receive such calls and none of the entities were able to provide a copy of their do-not-call policies upon his requests for them. *Id.* ¶¶ 35, 75, 93, 96, 99, 164, 176, 196–97, 213, 218, 231.

Plaintiff filed this class action lawsuit against Defendant alleging that all the calls from Connexion Point, Berwick Insurance Group, Your Insurance Group, and Family First Life were solicitations to purchase goods, products, or services through Defendant, were an invasion of privacy, and violated the TCPA. *See generally id.*

## Discussion

The TCPA prohibits calls made to cellular phones using an artificial or prerecorded voice. 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA also provides a private right of action: (1) against entities that do not, internally and in coordination with all persons or entities making telemarking calls on its behalf, maintain internal do-not-call registries, policies, and procedures; and (2) to individuals on the National Do-Not-Call registry who receive more than one call on behalf the an entity within any 12-month period. 47 U.S.C. § 227(c)(5); 47 C.F.R. §§ 64.1200(c)(2), (d). Plaintiff contends Defendant violated these provisions of the TCPA through calls made by its subsidiaries and the subsidiaries' insurance agents and (sub)vendors on Defendant's behalf in Counts I, II, and III of his complaint, respectively.

Defendant moves to dismiss all counts of the complaint. It argues, essentially, that Plaintiff should be suing the entities who made the offending calls and not Defendant which did not place any of the calls, and that if Plaintiff wants to continue

3

his case against Defendant, he must first pierce the subsidiaries' corporate veil. *Id.* at 6, 8–9; R. 23 at 4–6. In response, Plaintiff argues the law of agency can hold Defendant liable for the conduct of its agents. R. 20 at 8 & n.2; *see also* R. 1 ¶¶ 252, 271, 279 (alleging a vicariously liable theory).

Although Defendant frames its motion as a challenge to Plaintiff's standing, boiled down Defendant's argument is that Plaintiff fails to allege sufficient facts to draw a reasonable inference that Defendant can be held liable for any of the calls received by Plaintiff. Therefore, the Court analyzes this motion under Rule 12(b)(6), instead of Rule 12(b)(1), and finds that Plaintiff plausibly alleges Defendant may be vicariously liable for the conduct of its subsidiaries and the subsidiaries' insurance agents and (sub)vendors.

Under the TCPA, a principal/seller may be held vicariously liable for its agent's/third-party telemarketers' violations of the statute "under federal common law principles of agency." *In re Joint Petition filed by Dish Network, LLC*, 28 F.C.C.R. 6574, 6582 (2013). An agency relationship arises when a principal "manifests assent" to an agent that will act on the principal's behalf and subject to the principal's control, and the agent consents so to act. Restatement (Third) of Agency § 1.01 (2006). The agency theories of actual authority, apparent authority, and ratification each offer an independent basis for vicarious liability. *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 587 (7th Cir. 2021). An agent acts with actual authority to bind the principal when "the agent reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent so to act." Restatement (Third) of Agency § 2.01

4

(2006). To prove actual authority, Plaintiff must show that (1) a principal/agent relationship exists, (2) the principal controlled or had the right to control the alleged agent's conduct, and (3) the alleged conduct fell within the scope of the agency. *Bilek*, 8 F.4th at 587.

If authorized by the principal, agents may appoint subagents to perform the agent's function. Restatement (Third) of Agency § 3.15(1)–(2) (2006). Actions by subagents carry the same legal consequences as actions taken by the agent. *Id.* cmt. d.

At the pleading stage, the plaintiff is only required to allege generalized facts sufficient to infer an agency relationship. *See Mauer v. Am. Intercontinental Univ., Inc.*, 16-cv-01473, 2016 WL 4651395, at *2 (N.D. Ill. Sept. 7, 2016). "[T]he Court does not require specifics of the defendant's business relationships . . . as these facts are generally within the defendant's sole knowledge and plaintiffs must obtain such evidence through discovery." *Gebka v. Allstate Ins. Co.*, No. 19-cv-06662, 2021 WL 4951520, at *2 (N.D. Ill. Oct. 25, 2021).

Here, Plaintiff's complaint pleads several facts that imply an agency relationship between Defendant, its subsidiaries, and the subsidiaries' agents, and that these entities or individuals were acting with actual authority. Plaintiff contends Defendant engages a network of subsidiaries, insurance agents, and (sub)vendors to telemarket insurance and other products to consumers, for which Defendant has "absolute control." R. 1 ¶ 26–27. This control is achieved through uniform policies, practices, procedures, and call-scripts issued by Defendant to those conducting

telemarketing on behalf of itself and its subsidiaries. *Id.* ¶¶ 3, 27–28, 31, 33, 121. Additionally, Plaintiff alleges Defendant authorizes the agents and telemarketers to use its and its subsidiaries' tradenames, while also providing access to Defendant's own lead-generating platform. *Id.* ¶¶ 23, 29, 47. Plaintiff further alleges Defendant expressly authorizes insurance agents and subagents to hire telemarketers and lead suppliers to make telemarketing calls on Defendant's behalf. *Id.* ¶ 46. Perhaps most pertinent, Plaintiff contends Defendant has the authority to dictate which telemarketing or lead-generating vendors may be used. *Id.* ¶ 32.

Plaintiff also pleads several factual allegations that connect Defendant to the allegedly-offending calls. For example, after one of the calls from Berwick Insurance Group, Plaintiff received an email with the below header and a hyperlink to select a Medicare health plan option.



A non-government site sponsored by Integrity Marketing Group

*Id.* ¶ 85. According to the complaint, MedicareApp is Defendant's enrollment and quoting resource that assists in selling insurance products and services and is accessible through MedicareCENTER, one of Defendant's platforms. *Id.* ¶¶ 87–88.

Plaintiff then reached out to Defendant directly. *Id.* ¶ 93. As alleged, Defendant's own counsel responded, identified the lead-generating vendors that transferred Plaintiff to Connexion Point and Berwick Insurance Group, and advised Plaintiff that it had instructed its agents not to use those vendors in the future. *Id.*

6

¶¶ 97, 100. Defendant's counsel also confirmed Defendant's relationship with the agent from Your Insurance Group. *Id.* ¶ 106. Plaintiff further claims that Defendant's counsel suggested Plaintiff was on the do-not-call list for Connexion Point. *Id.* ¶ 99. Drawing all reasonable inferences in Plaintiff's favor, these largely uncontested and specific allegations permit an inference that an agency relationship exists between Defendant and its subsidiaries and that the calls were made on behalf or for the benefit of Defendant.

Defendant contends that Plaintiff's factual allegations are not well-pled because they are made only "on information and belief" without facts to support that information or belief. R. 12-1 at 10; R. 23 at 8. The Court is unmoved by this argument. Rule 8 is liberally applied. *Twombly*, 550 U.S. at 556 (Rule 8 "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence.") Courts routinely find allegations on information and belief sufficient to survive a Rule 12(b)(6) motion. *See, e.g.*, *Trs. of the Auto. Mechanics' Indus. Welfare & Pension Funds Loc. 701 v. Elmhurst Lincoln Mercury*, 677 F. Supp. 2d 1053, 1054 (N.D. Ill. 2010).

Last, Defendant attaches a declaration from Colleen Pulkowski, Defendant's licensing manager, attesting that Defendant "is not an insurance agency[,] does not sell insurance products," and "is not currently licensed to sell insurance in any state." R. 12-2 ¶¶ 3, 5. Defendant argues this uncontested evidence is dispositive because only "sellers" can be held vicariously liable under the TCPA. R. 23 at 2. This evidence is outside the complaint and cannot be considered on a Rule 12(b)(6) motion. However,

even if the Court were to take the declaration into account, it does not refute the inferences drawn that Defendant has a network of agents encouraging the purchase of insurance, that Defendant controls or facilitates the telemarketing calls Plaintiff received which encouraged Plaintiff to purchase insurance, or that the telemarketing calls were done on behalf of Defendant. In other words, even if it is not selling insurance directly, the complaint plausibly alleges Defendant is using its network of subsidiaries and agents to engage in telemarketing and to facilitate and control the purchase of insurance using impermissible means.

## Conclusion

For the reasons stated above, Defendant's motion to dismiss (R. 12) is denied. Defendant's answer to the complaint shall be due by February 21, 2025.

ENTERED:

_Thomas M Durkin_

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: January 31, 2025